**THE COUNTERS FIRM, P.C.**
Representation you can count on.

Lisa Counters, 016436
20987 N. John Wayne Parkway
Suite B104-381
Maricopa, AZ  85239
Lisa@countersfirm.com

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Jones, a single person, | No. |
| vs. | **COMPLAINT** |
| The Brand Source Benefit Trust, an employee health and welfare plan; Dayspring Management, LLC, plan administrator; Volume Discount Buyers, Inc. Association, plan sponsor. | |
| Defendants. | |

For his Complaint against defendants, Matthew Jones ("Jones") alleges:

## JURISDICTION AND VENUE

1. Jones is a resident of Maricopa County, Arizona.

2. On information and belief, Defendant Brand Source Benefit Trust ("the Plan") is a multi-employer benefit trust that provided health insurance benefits to employees of Dell's Appliances, Inc.

3. The Plan is a purported ERISA employee welfare plan, established, funded, and maintained by contributions from employers.

4. Dayspring Management, Inc., ("Dayspring") is a corporation whose principal place of business is in Maryland.  Dayspring is the Plan Administrator.

5. Volume Discount Buyers, Inc. Association ("Volume Discount") is a foreign corporation. Volume Discount is the Plan Sponsor.

6. Dayspring, Brand Source Benefit Trust, and Volume Discount are plan fiduciaries.

7. This Court has jurisdiction over defendants by virtue of the provisions of ERISA 29 U.S.C. § 1132.

8. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

9. Venue is proper in this District by virtue of ERISA, 29 U.S.C. § 1132(e). The breach occurred in Arizona and the plan is "found" in Arizona and the breach occurred in Arizona, as defined by the venue provisions of ERISA.

## **GENERAL ALLEGATIONS**

10. Dell's Appliance purchased health insurance for its employees through the Brand Source Benefit Trust.

11. Jones became employed by Dell's Appliance on October 1, 2006 and enrolled in the Plan on January 1, 2007.

12. Jones' application for coverage disclosed that he had previously taken Toprol and Monopril, but had not taken it in the preceding five years.

13. The Plan excludes payment for a preexisting condition until 12 months after the Plan participant is covered under the Plan.

14. The Plan defines preexisting condition as "any condition . . . . for which medical advice, diagnosis, care or treatment was recommended or received by a plan participant during the six months immediately preceding the coverage effective date."

15. For purposes of Jones' coverage, the preexisting condition look back period was July 1, 2006 to December 31, 2006.

16. Jones underwent heart surgery when he was three years old to repair an atrial septal defect, ventricular septal defect, Wolff-Parkinson White Syndrome, and Ebstein's

Anomaly. The defects were repaired by surgery and Jones had a porcine valve replacement to correct the Ebstein's Anomaly.

17. Jones established treatment with a cardiologist in Pocatello, Idaho in March 2007.

18. A subsequent cardiac workup revealed an abnormal heart rhythm and stenosis of his heart valve. Jones required extensive medical treatment including surgical intervention, pacemaker placement, valve replacement and other treatment.

19. Jones incurred medical bills in excess of $150,000.00.

20. The Plan denied Jones' claims based on the preexisting condition limitation. A June 9, 2008 letter from Insurer's Administrative Corporation, the former claims administrator, acting on behalf of the Plan, the Plan Administrator, and Plan Fiduciaries, erroneously advised Jones that the Plan's preexisting condition look-back period was twelve months, not six months as identified in the Plan Documents.

21. The Plan advised Jones that the preexisting condition limitation applied because he received treatment on January 20, 2006 and May 11, 2006 for "all cardiac conditions, diarrhea, Ebstein's anomaly and pulmonary insufficiency."

22. Jones received medical treatment on January 20, 2006 for a viral illness.

23. Jones received medical treatment on May 11, 2006 for back pain and exposure to an infectious disease.

24. Jones did not receive any medical treatment in the six months preceding his coverage by the Plan.

25. Jones appealed the Plan's decision on multiple occasions.

26. Jones last appealed the Plan's decision on June 25, 2009.

27. The Plan did not respond to Jones' last appeal.

28. Jones has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

# COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

29. Jones incorporates and realleges all previous allegations.

30. Jones incurred medical expenses in excess of $150,000, which Defendants have erroneously denied based on the preexisting condition exclusion.

31. Defendants have improperly denied Jones' medical bills and breached the terms of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

32. Defendants are a conflicted fiduciaries and their decision should be given little deference by this Court.

33. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Jones is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan. Jones is further entitled, under the terms of ERISA, 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the Plan.

34. Pursuant to 29 U.S.C. § 1132(g), Jones is entitled to recover his attorneys' fees and costs incurred herein from Defendants.

35. Jones is entitled to prejudgment interest on the benefits to which he is entitled at the highest legal rate, i.e., 10% pursuant to A.R.S. § 20-462 until paid.

WHEREFORE, Jones prays for entry of judgment against Defendants as follows:

A. For all benefits due Jones under the terms of the Plan;

B. Enforcing Jones' rights under the terms of the Plan;

C. Clarifying and determining Jones' rights to future benefits under the terms of the Plan;

D. For an award of Jones' attorneys' fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

    F.    For such other and further relief as the Court deems just and reasonable.

Dated: January 25, 2010.

                      THE COUNTERS FIRM, P.C

                      By: /s  Lisa J. Counters
                          Lisa Counters